**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ALBERT MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| PLANT RIVERSIDE, LLC, JOHN AND | ) | **[On Removal from State Court of Chatham** |
| JANE DOES 1-30 and | ) | **County, CAFN: STCV21-00567]** |
| BUSINESS/CORPORATE ENTITIES A-Z | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) *et seq.*, Defendant, Plant Riverside, LLC, ("Plant Riverside"), hereby provides Notice of Removal of the above captioned action from the State Court of Chatham County, State of Georgia to the United States District Court For the Southern District of Georgia, and in support thereof states as follows:

### I. PROCEDURAL HISTORY

1.     Plant Riverside is a named Defendant in Civil Action No. STCV21-00567, in the State Court of Chatham County, Georgia, styled, *Albert Marshall v. Plant Riverside, LLC, John and Jane Does 1-30, and Business/Corporate Entities A-Z,* (the "Action").

2.     Albert Marshall ("Plaintiff") filed his initial Complaint for Damages in the Action on March 22, 2021 ("Initial Complaint"). (Exhibit 1, Complaint[1]). The Complaint named the following defendants:

- AE COM aka Hunt A/E COM;

---

[1] The Exhibits cited to herein correlate with those on the list provided in Section V of this Notice. Section V provides a list, in chronological order, of all of the documents filed in the State Court Action to date. All of the Exhibits are included in a packet attached to this Notice.

- Plant Riverside;

- Steel, LLC ("Steel");

- Plant Riverside Holdco, LLC ("Holdco");[2] and

- Kessler Collection Management, LLC ("Kessler Collection").

3.    The Initial Complaint correctly alleged that: Hunt/AE COM is a Delaware Corporation; Steel is a Georgia entity; Kessler Collection is a Delaware entity; Plant Riverside is a Delaware entity; and Holdco is a Delaware entity. (Exhibit 1, ¶¶ 1-5).

4.    Plaintiff filed an Amended Complaint For Damages in the Action on May 26, 2021 ("Amended Complaint"). (Exhibit 8, Amended Complaint). The parties stipulated that the Amended Complaint would serve as the operative pleading in the Action. (Exhibit 9, Defendants Acknowledgement of Service of the Amended Complaint and Stipulation that the Amended Complaint would become the operative pleading).

5.    The Amended Complaint names the following defendants:

- Hunt Construction Group, Inc. aka Aecom Hunt ("Hunt");

- Steel;

- Plant Riverside;

-  Kessler Collection;

- The Kessler Enterprise, Inc. ("Enterprise");

- John and Jane Does 1-30; and

- Business/Corporate Entities A-Z.

---

[2] Holdco was voluntarily dismissed from the Action, without prejudice on June 7, 2021. Holdco is a Delaware entity with its principal place of business in Orlando, Florida. (Exhibit 11, Signed Order Dismissing Holdco Without Prejudice).

6.      The Amended Complaint correctly alleges that: Hunt is an Indiana Corporation; Steel is a Georgia business entity; Kessler Collection is a Delaware business entity; Plant Riverside is a Delaware business entity; and Enterprise is a Georgia Business entity.  (Exhibit 8, Amended Complaint, ¶¶ 1-5).

7.      Plaintiff is a resident of the State of Georgia.  (Exhibit 19, Plaintiff's Responses to Defendant's Interrogatories[3]).

8.      While the Amended Complaint references Jane and John Does 1-30 and Business/Corporate Entities A-Z in the style of the Amended Complaint, the Amended Complaint states that these individuals and entities are unknown and unidentifiable. There is no record of a summons issued to these purported defendants, and there is no record of service on them.  (Exhibit 8, Amended Complaint, ¶ 6).

9.      Hunt, Steel, Plant Riverside, Kessler Collection, and Enterprise filed Answers to the Amended Complaint on June 25, 2021.  (Exhibits 12 – 16).  Hunt and Steel filed a joint Motion to Dismiss the Amended Complaint contemporaneously with their Answers in which they moved to dismiss the action against them for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  (Exhibit 17, Hunt and Steel's Motion to Dismiss Plaintiff's Complaint and Brief in Support).  This case involves workplace injuries sustained by Plaintiff during the construction of the new JW Marriott Hotel located in Savannah's Plant Riverside District.  The basis for Hunt and Steel's Motion was that Hunt (as the principal contractor) and Steel (as an intermediate subcontractor) were Plaintiff's statutory employers under Georgia's Workers' Compensation Act.  As a result, Plaintiff's remedies against Hunt and Steel are governed

_____

[3] Although Plaintiff's Responses to Defendant's Interrogatories were not filed in the State Court Action, they are cited to as an Exhibit and provided in the packet attached to this Notice because they establish Plaintiff's residence.

exclusively by the Workers' Compensation Act and jurisdiction rests solely with the Georgia State Board of Workers Compensation. (*See* generally Exhibits 17 and 20, Hunt and Steel's Motion to Dismiss and Hunt and Steel's Reply in Support of Motion to Dismiss).

10.    On October 22, 2021, the State Court of Chatham County (hereinafter the "State Court") entered an order granting Hunt and Steel's Motion to Dismiss for lack of subject matter jurisdiction pursuant to O.C.G.A. § 9-11-12(b)(1), holding, in pertinent part:

> Under these facts, [Georgia's Workers' Compensation Act] applies and establishes that Defendants Hunt and Steel are the statutory employers for Mr. Marshall. Hunt and Steel are immune from suit in this instance for any negligence on their part with respect to the construction work on the hotel project that resulted in Mr. Marshall's injuries. Mr. Marshall's claims for relief against them are limited to those permitted under the exclusive remedy provided by workers' compensation….The Court thus **GRANTS** the motion to dismiss all claims against Defendants [Hunt] and Steel] without prejudice as this Court is not authorized to consider the claims against them.

(Exhibit 25, State Court's Order on Hunt and Steel's Motion to Dismiss, at p. 5).

11.    On February 7, 2022, Plaintiff, Kessler Collection, and Enterprise jointly filed a Consent Motion for Dismissal With Prejudice of Kessler Collection and Enterprise.  (Exhibit 26, Consent Motion for Dismissal With Prejudice of Kessler Collection and Enterprise).

12.    On February 10, 2022, the State Court entered an Order of Dismissal With Prejudice of Kessler Collection and Enterprise.  (Exhibit 27, State Court's Order of Dismissal with Prejudice of Kessler Collection and Enterprise).

13.    Plant Riverside is the only remaining defendant that has been served in the Action.

## II.    DIVERSITY OF CITIZENSHIP JURISDICTION

14.    A civil action brought in the state court of which the district court of the United States has original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

15.     The United States district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different States. *See* U.S.C. § 1332(a).

A.     **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

16.     Plaintiff is a resident of the State of Georgia according to his Responses to Plant Riverside's First Interrogatories.   (Exhibit 19, Plaintiff's Responses to Defendant's First Interrogatories).

17.     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of every State by which it is incorporated and where it has its principal place of business.

18.     Plant Riverside is incorporated in the State of Delaware and has its principal place of business in Orlando, Florida.

19.     Jane and John Does 1-30 and Business/Corporate Entities A-Z are fictitious entities and are not parties to this Action.   There has not been a summons issued for Jane and John Does 1-30 or Business/Corporate Entities A-Z, nor has there been any service on them.   For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441(a).

20.     Because Plaintiff is a citizen of Georgia; Plant Riverside is a citizen of Delaware and Florida; and the citizenship of Jane and John Does 1-30 and Business/Corporate Entities A-Z are disregarded under 28 U.S.C. § 1441(a), complete diversity exists.

B.     **MATTER IN CONTROVERSY EXCEEDS JURISDICTIONAL MINIMUM**

21.     In a case such as this, where the amount in controversy is not in dispute, all that is required is a "short and plain statement of the grounds for removal, including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83, (2014) (quoting 28 U.S.C. § 1446(a)).

22.     Plaintiff claims that he suffered serious and substantial brain injuries, internal injuries, and broken bones in addition to extreme mental and physical pain and suffering. (Exhibit 8, Amended Complaint, ¶ 28).

23.     In that regard, Plaintiff claims current medical bills totaling more than $454,044.24. (*Id.* at ¶ 43). In addition, Plaintiff further claims damages for future medical expenses, lost wages, diminished earnings capacity, past and future pain and suffering, past and future physical impairment, and punitive damages. (*Id.* at ¶¶ 43-49).

24.     Because the amount in controversy exceeds the jurisdictional minimum amount of $75,000.00, the United States district courts have jurisdiction over this matter.

**C.    UNANIMITY EXISTS**

25.     When a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

26.     Plant Riverside is the only defendant remaining that has been served in this Action. Plant Riverside consents to the removal of the Action.

27.     Jane and John Does 1-30 and Business/Corporate Entities A-Z are fictitious entities and have not been joined or served in the Action. Therefore, their consent is not required for unanimity.

**III.    PROCEDURAL REQUIREMENTS HAVE BEEN MET**

28.     Plaintiff is a resident of Georgia. Pursuant to a motion filed jointly by the parties, on February 10, 2022, the Court entered an Order of Dismissal With Prejudice of Kessler Collection and Enterprise. (Exhibit 27, State Court's Order of Dismissal with Prejudice of Kessler Collection Management and Enterprise). Enterprise is a Georgia Corporation and was the last remaining non-diverse party to the Action. Plant Riverside – a Delaware and Florida corporation – is the only Defendant remaining that has been served in this Action. This Notice is filed within

thirty (30) days of the Court's Order dismissing Enterprise and within one year of the commencement of the Action. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(3).

29.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the state court Action are attached hereto.

30.     Venue of the removal is proper under 28 U.S.C. § 1441(a) because this Honorable Court is the United States District Court for the district and division corresponding to the place where the state court Action is pending.

31.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Chatham County, Georgia in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties. (*See* Exhibit 28, Notice of Filing of Notice of Removal with Attached Notice of Removal).

## IV.     THE "VOLUNTARY-INVOLUNTARY RULE" IS NOT AN IMPEDIMENT TO REMOVAL IN THIS CASE

32.     As discussed above, this case first became removable on February 10, 2022 as the result of the State Court's Order dismissing the last remaining Georgia defendant, Enterprise. (Exhibit 27, State Court's Oder of Dismissal with Prejudice of Kessler Collection and Enterprise). That Order was entered with the consent of Plaintiff, who had jointly filed the motion for dismissal. (Exhibit 26, Consent Motion for Dismissal With Prejudice of Kessler Collection and Enterprise).

33.      Earlier, on October 22, 2021, the State Court had dismissed the only other Georgia defendant, Steel, based on lack of subject matter jurisdiction. Under Georgia law, a dismissal for lack of subject matter jurisdiction is not a determination on the merits of the case. *Feist v. Dirr*, 271 Ga. App. 169, 172 (2004) ("A trial court must determine at the first opportunity whether it has subject matter jurisdiction to deal with an issue even if there is a dispute as to facts….Where the

trial court must determine an issue in abatement, i.e., subject matter jurisdiction, the determination of such disputed factual issue is not a determination on the merits, because the merits of the case are never tested.")  Plaintiff has taken no action to appeal or otherwise contest the State Court's October 22, 2021 Order dismissing Steel.

34.     Even though the dismissal of Steel was not created by the voluntary act of Plaintiff, removal is still appropriate.  The so-called "voluntary-involuntary" rule is a rule developed in diversity cases "that if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed."  *Insinga v. Labella*, 845 F.2d 249 (11th Cir. 1988) (quoting *Weems v. Luis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967)).  The policies underlying this rule are: (1) finality, which contemplates the possibility that a dismissed non-diverse defendant could be re-added to the case at some point; and (2) a plaintiff's status as the master of his complaint.  *Massey v. State Farm Fire & Cas. Co.*, 2018 WL 555719, at * 3 (N.D. Ga. Jan. 25, 2018).

35.     However, the voluntary-involuntary rule is not without its limitations and it does not operate to prohibit removal in this case.  The rule does not apply when a plaintiff fraudulently joins a defendant for the purpose of defeating jurisdiction.  *Id*. at 254 ("Fraudulent joinder is a well established exception to the voluntary-involuntary rule.").  Further, the Eleventh Circuit has concluded that dismissals based on jurisdiction are analogous to fraudulent joinder and prevent the application of the voluntary-involuntary rule.  *Id*.

36.     In *Insigna*, a wrongful death action in Florida state court was removed to the United States District Court for the Southern District of Florida after the voluntary dismissal of one nondiverse defendant and a grant of summary judgment for another on sovereign immunity

grounds. *Id*. at 251. The plaintiff moved to remand to state court, contending that diversity had not been created by a voluntary act of the plaintiff, but was instead the result of an involuntary dismissal of a non-diverse defendant. *Id.* The *Insinga* court held that the case had been properly removed because the dismissal on summary judgment was based on sovereign immunity, which under Florida Law, is a defense that relates solely to the jurisdiction of the court, not the merits of the case. *Id.* The court likened a jurisdictional dismissal to a dismissal based on fraudulent joinder[4] because:

> For all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident was never properly before the court, rather than a determination that the court had jurisdiction of that defendant but that the case against him, although not frivolous, was not meritorious.

*Id.* at 254-255.

37.     In *Massey,* the United States District Court for the Northern District of Georgia analyzed the Eleventh Circuit's opinion in *Insinga* and reiterated that the voluntary-involuntary rule is not applicable to dismissals based on a state court's lack of subject matter jurisdiction. 2018 WL 555719 at p. * 5. There, the remaining defendant removed the case from state court after a resident defendant was dismissed for lack of service of process. When the plaintiff moved to remand, the defendant argued that the dismissal was jurisdictional under *Insinga* and thus akin to fraudulent joinder, barring application of the voluntary-involuntary rule. *Id*. at *1, *4. In rejecting the defendant's argument and remanding the case to the state court, the *Massey* court recognized that not all jurisdictional dismissals should be equated to dismissals for fraudulent joinder and distinguished a dismissal based on a lack of subject matter jurisdiction (like Steel's in this case

---

[4] "In order to sustain a fraudulent joinder, a state court must either find that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to [obtain jurisdiction]." *Insinga*, 845 F.2d at 254.

and the dismissal in *Insinga*), with a dismissal based on lack of personal jurisdiction due to lack of service of process. *Id*. at *5. The court explained that unlike a dismissal for lack of personal jurisdiction, a dismissal for lack of subject matter jurisdiction falls *outside* of the voluntary-involuntary rule because such dismissals do not disrupt the two policies underlaying the rule:

> Lack of subject-matter jurisdiction with respect to a defendant necessarily entails claims with no possibility of recovery—that is, claims akin to those dismissed for fraudulent joinder. And even though a dismissal on this basis is not the result of the plaintiff's voluntary act, a court is justified in setting aside the voluntary-involuntary rule in this instance, as the rule's underlying policies are no longer compelling. Finality is of little concern because the action is totally barred….And though the Plaintiff has the right to control his case, including jurisdictional structuring, this does not extend to a right to bring impossible claims, which are, "[f]or all intents and purposes," fraudulent.

*Id*. (quoting *Insinga*, 845 F.2d at 254).

38.      As established by the Eleventh Circuit in *Insinga*, and as recognized by the court in *Massey*, the voluntary-involuntary rule is not applicable here. Like the defendant in *Insinga*, Steel is immune from the claims brought by Plaintiff; and was dismissed based on the State Court's lack of subject matter jurisdiction, which is not a decision on the merits. (Exhibit 25, State Court's Order on Hunt and Steel's Motion to Dismiss, p. 2-3, 5). Therefore, Steel was "never properly before the [state] court," and Steel's dismissal for lack of subject matter jurisdiction is akin to a finding of fraudulent joinder. *Insinga*, 845 F.2d at 254-255.

39.      The only other Georgia defendant, Enterprise was voluntarily dismissed by Plaintiff. (Exhibit 26, Consent Motion for Dismissal With Prejudice of Kessler Collection and Enterprise)

40.      Because Plaintiff's claims against Steel were dismissed for lack of subject matter jurisdiction and his claims against Enterprise were voluntarily dismissed, the voluntary-involuntary rule does not apply here and removal is appropriate.

10

## V.    PAPERS REMOVED IN ACTION

41.    In the Action in the State Court of Chatham County Georgia, the following papers were filed:[5]

Exhibit 1: Complaint

Exhibit 2: General Civil/Dom Relations Filing Form

Exhibit 3: Summons to Steel

Exhibit 4: Entry of Service on Holdco

Exhibit 5: Entry of Service on Plant Riverside

Exhibit 6: Affidavit of Service on Kessler Collection

Exhibit 7: Stipulation Extending the Time for Currently-Named Defendants to File Response to Plaintiff's Original Complaint and To Respond to Discovery Served with Original Complaint

Exhibit 8: Plaintiff's Amended Complaint

Exhibit 9: Hunt, Steel, Plant Riverside, and the Kessler Entities' Acknowledgement of Service of the Amended Complaint and Stipulation that the Amended Complaint would become the operative pleading

Exhibit 10: Consent Motion for Dismissal Without Prejudice of Holdco

Exhibit 11: Signed Order Dismissing Holdco Without Prejudice

Exhibit 12: Hunt's Answer and Affirmative Defenses to Complaint

Exhibit 13: Steel's Answer and Affirmative Defenses to Plaintiff's Complaint

Exhibit 14: Plant Riverside's Answer and Affirmative Defenses to Plaintiff's Complaint

Exhibit 15: Kessler Collection's Answer and Affirmative Defenses to Plaintiff's Complaint

Exhibit 16: Enterprise's Answers and Affirmative Defenses to Complaint

---

[5] The Exhibits listed herein are in chronological order (based on the dates they were filed in the State Court Action). The Exhibits are provided in the same order in the packet attached hereto.

Exhibit 17: Hunt and Steel's Motion to Dismiss Plaintiff's Complaint and Brief in Support

Exhibit 18: Plaintiff's Response to Defendants Hunt and Steel's Motion to Dismiss

Exhibit 19: Plaintiff's Responses to Defendant's Interrogatories (not filed, but cited above)

Exhibit 20: Hunt and Steel's Reply in Support of Their Motion to Dismiss

Exhibit 21: Plaintiff's Certificates of Service of Offers of Settlement to Defendants

Exhibit 22: Plaintiff's Notice of Withdrawal of Offers of Settlement to Defendants

Exhibit 23: Plaintiff's Certificates of Service of Offers of Settlement to Defendants

Exhibit 24: Defendants' Notice of Serving Offers of Settlement to Plaintiff Albert Marshall

Exhibit 25: State Court's Order on Hunt and Steel's Motion to Dismiss

Exhibit 26: Consent Motion for Dismissal With Prejudice of Kessler Collection and Enterprise

Exhibit 27: State Court's Order of Dismissal with Prejudice of Kessler Collection and Enterprise

Exhibit 28: Notice of Filing of Notice of Removal with Attached Notice of Removal (to be filed after this Notice is filed with this Court)

## VI.   NOTICE OF THE FILING OF NOTICE OF REMOVAL

42.     Promptly after filing this Notice of Removal with this Court, Plant Riverside will promptly give Plaintiff, through his counsel of record, written notice of the removal, as required by 28 U.S.C. § 1446(d), and will file a copy of the Notice of Removal with the Clerk of the State Court of Chatham County Georgia (*See* Exhibit 28, Notice of Filing of Notice of Removal with attached Notice of Removal).  In addition, the Civil Cover Sheet is being filed contemporaneously herewith.

**WHEREFORE, PLANT RIVERSIDE,** without waiving, and in preserving all objections and motions, prays that the civil action now pending against it in the State Court of Chatham County, Georgia be removed therefrom to this Honorable Court and that further proceedings be conducted in this Honorable Court as provided by law.

This 23rd day of February, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ J. Alex Prescott*
J. Alex Prescott
Georgia Bar No. 966471
Joshua S. Wood
Georgia Bar No.: 881696
Matthew A. Marrone
Georgia Bar No.: 153065
jprescott@wwhgd.com
jwood@wwhgd.com
mmarrone@wwhgd.com
*Attorneys for Plant Riverside, LLC*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Telephone: (404)-876-2700
Facsimile:  (404)-875-9433

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been

served on all counsel of record via electronic mail to all counsel of record as follows:

WILLIE J. WALKER, ESQUIRE
Attorney for Plaintiff
625 West Union Street, Suite #3
Jacksonville, FL 32202

SHAQUANDRA A. WOODS, ESQUIRE
Co-Counsel for Plaintiff
5501 Wesconnett Street, Unit# 7115
Jacksonville, FL 32244

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ J.Alex Prescott*
Georgia Bar No.: 966471
*Attorneys for Plant Riverside, LLC*