EXHIBIT 1

Complaint

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

ALBERT MARSHALL,

                 CIVIL ACTION NO.: STCV21-00567

        Plaintiff,

vs.

AE COM aka HUNT A/E COM, PLANT
RIVERSIDE, LLC, STEEL, LLC, PLANT
RIVERSIDE HOLDCO, LLC and
KESSLER COLLECTION MANAGEMENT, LLC,

        Defendants.

_____

## **COMPLAINT**

COMES NOW, ALBERT MARSHALL, Plaintiff in the above-styled action and files

this Complaint against Defendants, AE COM aka HUNT A/E COM, (hereinafter referred to as

Hunt A/E COM) STEEL, LLC (hereinafter referred to as Steel), PLANT RIVERSIDE, LLC,

(hereinafter referred to as Plant Riverside), PLANT RIVERSIDE HOLDCO, LLC, and

KESSLER COLLECTION MANAGEMENT, LLC (Hereinafter referred to as Kessler), and

alleges as follows:

1.

Defendant, HUNT/AE COM, is a Delaware Corporation licensed to do business

in Georgia and at all times mentioned herein was doing business in Savannah, Chatham County,

Georgia. With offices located at 3 Martin Luther King Jr, Blvd., Savannah, Chatham County,

Georgia and this Defendant does substantial business and has a continuing presence in Chatham

County, Georgia. This Defendant may be served personally on its registered agent CT

CORPORATION, 289 S. Culver Street, Lawrenceville, GA 30046.

1

**2.**

Defendant, STEEL, is a Georgia business entity, and at all times mentioned herein was, doing business in Chatham County Georgia. Defendant, STEEL, may be served with process by personally serving its registered agent, CORPORATE CREATION NETWORKS, INC., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

**3.**

Defendant, KESSLER, is a Delaware business entity that operates multiple hotel properties in the State of Georgia including Chatham County and maintains offices and a continuing presence in Chatham County, Georgia. This Defendant may be served c/o CORPORATION SERVICE COMPANY, 251 Little Falls Drive, Wilmington, DE 19808.

**4.**

Defendant, PLANT RIVERSIDE, LLC, is a Delaware business entity and at all times mentioned herein was doing business in Chatham County, Georgia. Defendant, PLANT RIVERSIDE, may be served with process by personally serving its registered agent, JOSEPH B. FOLTZ, ESQUIRE at 271 17th Street NW, Suite 2400, Atlanta, GA 30363.

**5.**

Defendant PLANT RIVERSIDE HOLDCO, LLC is a Delaware business entity and at all times mentioned herein was doing business in Chatham County, Georgia. Defendant, PLANT RIVERSIDE HOLDCO, LLC, may be served with process by personally serving its registered agent, JOSEPH B. FOLTZ, ESQUIRE at 271 17th Street NW, Suite 2400, Atlanta, GA 30363.

6.

Jurisdiction and venue are proper in this court.

2

## FACTUAL ALLEGATIONS

### 7.

The Plaintiff, ALBERT MARSHALL, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 as if fully alleged herein.

### 8.

On or about June 23, 2019 Plaintiff, ALBERT MARSHALL, was working on the premises of Defendant, KESSLER, and/or Defendant PLANT RIVERSIDE, LLC and/or Plant Riverside Holdco, LLC, located at Plant Riverside (400 W. River Street) in Savannah, Chatham County Georgia.

### 9.

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was employed by S&R Enterprises.

### 10.

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was acting within the scope of his employment with S&R enterprises. The services tasks and duties Plaintiff, ALBERT MARSHALL, provided incident to said employment was performed on the premises of Defendant, KESSLER and/or PLANT RIVERSIDE, LLC and/or Plant Riverside Holdco, LLC at the Plant Riverside hotel project which was being developed by KESSLER.

### 11.

On information and belief, Defendant, KESSLER, and Defendant, PLANT RIVERSIDE, LLC and/or Plant riverside Holdco, LLC was the developer and/or owner of said hotel and

entertainment zone project located at 400 W. River Street, in Savannah, Chatham County Georgia.

### 12.

On information and belief, to achieve the ends of its development project, Defendant, KESSLER, and Defendant, PLANT RIVERSIDE, LLC and/or Defendant Plant Riverside Holdco, LLC retained the services of Defendant, HUNT/AE COM, as a general contractor. As such, Defendant, HUNT/AE COM, managed and directed the entire scope of the project including the hiring of subcontractors who performed various elements of the work on the project and Hunt was in control of the premises.

### 13.

On information and belief, Defendant, HUNT/AE COM, hired Defendant, STEEL, LLC, to provide materials and perform Steel and metallurgical work on the project.

### 14.

On information and belief, Defendant, HUNT/AE COM, hired S&R to perform work on the project including assisting with the hanging of a decorative grapple within the structure at 400 W. River Street.

### 15.

On information and belief, the grapple referred to in paragraph 14 was acquired by Defendant, HUNT/AE COM, at the direction of Defendant Kessler and all decisions regarding the suspension process, welding, anchoring, hoisting and affixing the grapple to the structure were made by Defendants, PLANT RIVERSIDE, LLC, Plant Riverside Holdco, LLC and KESSLER, HUNT/AE COM and STEEL, LLC.

### 16.

4

On information and belief, Defendants, PLANT RIVERSIDE, Plant Riverside Holdco, LLC, KESSLER, HUNT/AE COM and STEEL, LLC, had a duty to inspect the premises and to ensure that the welding, hoisting, suspending, and affixing the grapple to the structure was done in a safe and reasonable manner.

**17.**

Management at S&R enterprises and Plaintiff, ALBERT MARSHALL, relied on Defendants, PLANT RIVERSIDE, LLC, PLANT RIVERSIDE HOLDCO, LLC, KESSLER HUNT/AE COM and STEEL, LLC, to safely devise a plan for hoisting the grapple and affixing it to the PLANT RIVERSIDE structure and Defendants owed a duty to Plaintiff, ALBERT MARSHALL, in particular to devise a reasonably safe plan for hoisting and welding the grapple.

**18.**

On June 23, 2019  Plaintiff, ALBERT MARSHALL, was injured while working using the directions and plans of Defendants, PLANT RIVERSIDE HOLDCO, LLC, PLANT RIVERSIDE, LLC, KESSLER, HUNT/AE COM and STEEL, LLC, as Plaintiff worked on hoisting the grapple to be suspended within the rafters of the structure.

**19.**

Defendants negligently failed to properly calculate the weight of the grapple, and negligently failed to deploy the proper rigging system and negligently failed to properly weld the pad eye to the anchoring structure and as a result thereof, during the hoisting of the grapple the rigging system failed and the weight of the grapple caused it to violently swing free thereby knocking Plaintiff, ALBERT MARSHALL, from the man lift which he occupied and causing Plaintiff, ALBERT MARSHALL, to fall approximately 10' to the concrete below.

**20.**

As a result of the above described negligence of Defendants, Plaintiff, ALBERT

MARSHALL, was injured as outlined below, and said injuries include permanent

disfigurement and disability and impairment.

## COUNT I
## NEGLIGENCE

**21.**

Plaintiff, ALBERT MARSHALL, re-alleges and incorporates herein by reference the

allegations contained in paragraphs 1 through 20 of the Complaint.

**22.**

Each of the Defendants were under a duty to properly and reasonably inspect, direct,

repair, calculate, plan, equip and maintain the work area of the Power Plant premises.

**23.**

Defendants breached these duties by failing to properly direct, inspect, repair, calculate,

plan, equip and maintain the premises where the grapple supporting structures were to be welded

onto the structure in accordance with standards reasonably required for safe rigging and welding.

**24.**

Defendants failed to act reasonably under the circumstances.

**25.**

Specifically, but not by way of limitation, Defendants breached these duties by failing to

properly inspect the premises, by failing to appreciate the heat tolerance of the welded surfaces

and the tensile strength of each, by failing to appreciate the weight of the grapple, by failing to

6

properly design the rigging system for use by Plaintiff, and by failing to provide the correct materials to plaintiff to work with, all in violation of construction standards which are widely recognized and accepted.

### 26.

Defendants were negligent per se in that Defendants violated the following provisions which are codified in the Code of Federal Regulations (CFR) and are designed to guard against the particular danger described herein and plaintiff comes within the class of persons intended to be protected from the particular danger including, but not limited to; Code of Federal Regulations §1926.251(c)(15)(ii), §1926.251(f)(1), and § 1926.251(f)(2), and said violations were a proximate cause of plaintiff's injury.

### 27.

The breach of these duties caused the serious and substantial brain injuries, internal injuries, broken bones as well as the extreme mental and physical pain and suffering of Plaintiff, ALBERT MARSHALL.

### 28.

Plaintiff, ALBERT MARSHALL, is entitled to the recovery of damages flowing from these breaches of duty, including but not limited to, past and future medical expenses, past and future mental and physical pain and suffering, and past and future lost wages.

### 29.

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

### COUNT II
### PREMISES LIABILITY

7

**30.**

Plaintiff, ALBERT MARSHALL, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 of the Complaint.

**31.**

Defendant, Kessler, and/or Hunt and/or PLANT RIVERSIDE, LLC, and/or PLANT RIVERSIDE HOLDCO, LLC, was the owner or possessor of the premises of the Plant River street project.

**32.**

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was an invitee of Defendant HUNT, Defendant KESSLER, Defendant PLANT RIVERSIDE HOLDCO, LLC, and defendant PLANT RIVERSIDE, LLC.

**33.**

The law of Georgia imposes upon these Defendants the duty to exercise ordinary care in keeping the premises and work area safe, to ensure that the premises were constructed without defect, to repair and maintain the premises in good repair, and to ensure that the premises of the PLANT RIVERSIDE, project were maintained in a reasonably safe condition and in accord with the building codes of the state of Georgia, the Code of Federal regulations and the standards of the American Welding Society.

**34.**

On information and belief, Defendants KESSLER and HUNT and PLANT RIVERSIDE, LLC and PLANT RIVERSIDE HOLDCO, LLC personally selected the grapple which caused

8

RECEIVED FOR FILING 2/18/2022 CHATHAM CO. SUPERIOR COURT 4:19 PM *Brian K. Hart* - Clerk of Court

plaintiff's injury and defendants knew that the manner in which it was to be hung posed an unreasonable risk of harm and created unsafe conditions for plaintiff to work in.

## 35.

Defendants, KESSLER, HUNT, PLANT RIVERSIDE HOLDCO, LLC, and PLANT RIVERSIDE, LLC had knowledge of this risk, and said knowledge of this risk was superior to that of the Plaintiff, ALBERT MARSHALL.

## 36.

Defendants KESSLER, HUNT, PLANT RIVERSIDE HOLDCO, LLC, and PLANT RIVERSIDE, LLC breached these duties, creating and environment which unreasonably increased the propensity for a welding and rigging failure.

## 37.

The breach of this duty caused the extreme mental and physical pain and suffering to Plaintiff, ALBERT MARSHALL.

## 38.

Plaintiff, ALBERT MARSHALL, is entitled to the recovery of damages flowing from this breach of duty.

## 39.

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

## VII. DAMAGES

### 40.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

### 41.

As the direct and proximate result of the Defendants' negligence, Plaintiff suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injuries, pain and mental suffering.

### 42.

As the direct and proximate result of the Defendants' negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, including current medical bills totaling more than $454,044.24 for treatment of the injuries caused solely and proximately by Defendants.

| | | |
|---|---|---|
| 1. | Memorial Hospital (Emergency Department) | $285,264.54 |
| 2. | Emas Spine & Brain Center | $17,203.70 |
| 3. | Chatham Orthopedic<br>Dr. Noonburg<br>Dr. Levit<br>Dr. Sofianos | $151,094.00 |
| 4. | Dr. Donahue (Savannah Neurology Specialists) | $482.00 |

### 43.

As the direct and proximate result of the Defendants' negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries

caused solely and proximately by defendants.

44.

As the direct and proximate result of the Defendants' negligence, Plaintiff incurred lost wages, in an amount to be proven at trial, caused solely and proximately by defendants.

45.

As the direct and proximate result of the Defendants' negligence, Plaintiff has suffered a diminished earnings capacity, in the amount to be proven at trial, caused solely and proximately by defendants.

46.

As the direct and proximate result of the Defendants' negligence, Plaintiff has suffered pain and suffering and will continue to suffer pain and suffering, for the injuries caused solely and proximately by defendants.

47.

As the direct and proximate result of the Defendants' negligence, Plaintiff suffered a physical impairment in the past and future, in the amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendant.

48.

Pursuant to O.C.G.A. 51-12-5.1, Plaintiff is entitled to Punitive damages in an amount to be determined by the enlightened conscience of the jury because the Defendants acts and omissions were wanton, willful and gross. As such the Defendants should be punished due to the enormity of Plaintiff's losses which flow directly from the Defendants' conduct and said punitive

damages should take into account the size and liquidity of Defendants in order to discourage Defendants from engaging in such willful, wanton and gross conduct in the future.

**49.**

As the direct and proximate result of the Defendants' negligence, Plaintiff is entitled to attorney fees under O.C.G.A. § 13-6-11.

**50.**

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

## CLAIMS FOR RELIEF

**WHEREFORE**, Plaintiff, ALBERT MARSHALL, prays for the following relief:

(A)     That summons and process issue and be served upon each Defendant;

(B)     For a trial by a jury comprised of twelve persons;

(C)     That the Plaintiff, ALBERT MARSHALL, be awarded an appropriate sum to compensate him for his damages, including but not limited to past and future medical bills, past and future lost wages, mental and physical pain and suffering, permanent impairment, scarring and disfigurement, and aggravation of previously existing conditions, and any other damages proximately caused by Defendants; and

(D)     For such other and further relief as the Court deems just and proper.

This the _22nd_ day of _March_, _2021_.

Respectfully Submitted,

_____
WILLIE J. WALKER, ESQUIRE
Attorney for Plaintiff
625 West Union Street, Suite #3
Jacksonville, FL 32202
(904) 358-7104 Telephone
(904)353-3702 Facsimile
Georgia Bar Number 732900

_____
SHAQUANDRA A. WOODS, ESQ.
Co-Counsel for Plaintiff
5501 Wesconnett Street, Unit# 7115
Jacksonville, FL 32244
(904) 451-7321 Telephone
(904) 325-7150 Facsimile
Georgia Bar Number 579239