# EXHIBIT 8

# Plaintiff's Amended Complaint

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALBERT MARSHALL, | CIVIL ACTION NO.: |
| | STCV21-00567 |
| Plaintiff, | |
| vs. | |
| HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC, PLANT RIVERSIDE, LLC, KESSLER COLLECTION MANAGEMENT, LLC, THE KESSLER ENTERPRISE, INC., JOHN AND JANE DOES 1-30; and BUSINESS/CORPORATE ENTITIES A-Z, | |
| Defendants. | |

## AMENDED COMPLAINT

COMES NOW, ALBERT MARSHALL, Plaintiff in the above-styled action and files this Complaint against Defendants, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC (hereinafter referred to as Steel), PLANT RIVERSIDE, LLC, (hereinafter referred to as Plant Riverside), KESSLER COLLECTION MANAGEMENT, LLC (Hereinafter referred to as Kessler), THE KESSLER ENTERPRISE, INC., , JOHN AND JANE DOES 1-30; and BUSINESS/CORPORATE ENTITIES A-Z and alleges as follows:

1.

Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, is a Indiana Corporation licensed to do business in Georgia and at all times mentioned herein was doing business in Savannah, Chatham County, Georgia. With offices located at 3 Martin Luther King Jr, Blvd., Savannah, Chatham County, Georgia and this Defendant does substantial business and has a continuing presence in Chatham County, Georgia. This Defendant may be served

1

Copy from re:SearchGA

personally on its registered agent CT CORPORATION, 289 S. Culver Street, Lawrenceville, GA 30046.

2.

Defendant, STEEL, is a Georgia business entity, and at all times mentioned herein was, doing business in Chatham County Georgia. Defendant, STEEL, may be served with process by personally serving its registered agent, CORPORATE CREATION NETWORKS, INC., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

3.

Defendant, KESSLER, is a Delaware business entity that operates multiple hotel properties in the State of Georgia including Chatham County and maintains offices and a continuing presence in Chatham County, Georgia. This Defendant may be served c/o CORPORATION SERVICE COMPANY, 251 Little Falls Drive, Wilmington, DE 19808.

4.

Defendant, PLANT RIVERSIDE, LLC, is a Delaware business entity and at all times mentioned herein was doing business in Chatham County, Georgia. Defendant, PLANT RIVERSIDE, may be served with process by personally serving its registered agent, JOSEPH B. FOLTZ, ESQUIRE at 271 17th Street NW, Suite 2400, Atlanta, GA 30363.

5.

Defendant, THE KESSLER ENTERPRISE, INC., is a Georgia business entity, and at all times mentioned herein was, doing business in Chatham County Georgia. Defendant, THE KESSLER ENTERPRISE, INC., may be served with process by personally serving its registered

2

Copy from re:SearchGA

agent, JOSEPH B. FOLTZ, 271 17th Street NW, Suite 2400, Atlanta, GA 30363-1017.

6.

Defendants, JANE AND JOHN DOES 1-30 are as yet unknown and unidentifiable, but whose negligence harmed ALBERT MARSHALL. Defendants, Jane and John Does 1-30 include managers, employees, and individuals owning any interest in any of the Defendants named in this Complaint, or in either of the business names mentioned in this Complaint. Defendants Business/Corporate Entities A-Z are as yet and unidentifiable, but whose negligence harmed ALBERT MARSHALL. Defendants, Jane and John 5 Does 1-30 include business and/or corporate entities which hired, retained, managed, contracted, or were in any way involved in the construction operation described in this Complaint, or in the management of any of the Defendants named in this Complaint or in any business names mentioned in this Complaint.

7.

Jurisdiction and venue are proper in this court.

## FACTUAL ALLEGATIONS

8.

The Plaintiff, ALBERT MARSHALL, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 7 as if fully alleged herein.

9.

On or about June 23, 2019 Plaintiff, ALBERT MARSHALL, was working on the

Copy from re:SearchGA

premises of Defendant, KESSLER, and/or Defendant, THE KESSLER ENTERPRISE, INC. and/or Defendant, PLANT RIVERSIDE, LLC, located at Plant Riverside (400 W. River Street) in Savannah, Chatham County Georgia.

10.

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was employed by S&R Enterprises.

11.

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was acting within the scope of his employment with S&R enterprises. The services tasks and duties Plaintiff, ALBERT MARSHALL, provided incident to said employment was performed on the premises of Defendant, KESSLER and/or Defendant, THE KESSLER ENTERPRISE, INC. and/or Defendant, PLANT RIVERSIDE, LLC, at the Plant Riverside hotel project which was being developed by KESSLER and THE KESSLER ENTERPRISE, INC.

12.

On information and belief, Defendant, KESSLER, Defendant, THE KESSLER ENTERPRISE, INC., and/or Defendant, PLANT RIVERSIDE, LLC, was the developer and/or owner of said hotel and entertainment zone project located at 400 W. River Street, in Savannah, Chatham County Georgia.

13.

On information and belief, to achieve the ends of its development project, Defendants, KESSLER, THE KESSLER ENTERPRISE, INC., and PLANT RIVERSIDE, LLC retained the services of Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, as a general contractor. As such, Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM

4

HUNT, managed and directed the entire scope of the project including the hiring of subcontractors who performed various elements of the work on the project and HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT was in control of the premises.

14.

On information and belief, Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, hired Defendant, STEEL, LLC, to provide materials and perform Steel and metallurgical work on the project.

15.

On information and belief, Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, hired S&R to perform work on the project including assisting with the hanging of a decorative grapple within the structure at 400 W. River Street.

16.

On information and belief, the grapple referred to in paragraph 15 was acquired by Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, at the direction of Defendant, KESSLER and Defendant, THE KESSLER ENTERPRISE, INC., and all decisions regarding the suspension process, welding, anchoring, hoisting and affixing the grapple to the structure were made by Defendants, PLANT RIVERSIDE, LLC, and KESSLER, THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and STEEL, LLC.

17.

On information and belief, Defendants, PLANT RIVERSIDE, KESSLER, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC, and THE KESSLER

5

Copy from re:SearchGA

ENTERPRISE, INC., had a duty to inspect the premises and to ensure that the welding, hoisting, suspending, and affixing the grapple to the structure was done in a safe and reasonable manner.

**18.**

Management at S&R enterprises and Plaintiff, ALBERT MARSHALL, relied on Defendants, PLANT RIVERSIDE, LLC, KESSLER, THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and STEEL, LLC, to safely devise a plan for hoisting the grapple and affixing it to the PLANT RIVERSIDE structure and Defendants owed a duty to Plaintiff, ALBERT MARSHALL, in particular to devise a reasonably safe plan for hoisting and welding the grapple.

**19.**

On June 23, 2019 Plaintiff, ALBERT MARSHALL, was injured while working using the directions and plans of Defendants, PLANT RIVERSIDE, LLC, KESSLER, THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and STEEL, LLC, as Plaintiff worked on hoisting the grapple to be suspended within the rafters of the structure.

**20.**

Defendants negligently failed to properly calculate the weight of the grapple, and negligently failed to deploy the proper rigging system and negligently failed to properly weld the pad eye to the anchoring structure and as a result thereof, during the hoisting of the grapple the rigging system failed and the weight of the grapple caused it to violently swing free thereby knocking Plaintiff, ALBERT MARSHALL, from the man lift which he occupied and causing Plaintiff, ALBERT MARSHALL, to fall approximately 10' to the concrete below.

Copy from re:SearchGA

21.

As a result of the above described negligence of Defendants, Plaintiff, ALBERT MARSHALL, was injured as outlined below, and said injuries include permanent disfigurement and disability and impairment.

### COUNT I
### NEGLIGENCE AGAINST HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC, PLANT RIVERSIDE, LLC, KESSLER COLLECTION MANAGEMENT, LLC, and THE KESSLER ENTERPRISE, INC.

22.

Plaintiff, ALBERT MARSHALL, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21 of the Complaint.

23.

Each of the Defendants were under a duty to properly and reasonably inspect, direct, repair, calculate, plan, equip and maintain the work area of the Power Plant premises.

24.

Defendants breached these duties by failing to properly direct, inspect, repair, calculate, plan, equip and maintain the premises where the grapple supporting structures were to be welded onto the structure in accordance with standards reasonably required for safe rigging and welding.

25.

Defendants failed to act reasonably under the circumstances.

26.

Specifically, but not by way of limitation, Defendants breached these duties by failing to properly inspect the premises, by failing to appreciate the heat tolerance of the welded surfaces and the tensile strength of each, by failing to appreciate the weight of the grapple, by failing to

7

Copy from re:SearchGA

properly design the rigging system for use by Plaintiff, and by failing to provide the correct materials to plaintiff to work with, all in violation of construction standards which are widely recognized and accepted.

27.

Defendants were negligent per se in that Defendants violated the following provisions which are codified in the Code of Federal Regulations (CFR) and are designed to guard against the particular danger described herein and plaintiff comes within the class of persons intended to be protected from the particular danger including, but not limited to; Code of Federal Regulations §1926.251(c)(15)(ii), §1926.251(f)(1), and § 1926.251(f)(2), and said violations were a proximate cause of plaintiff's injury.

28.

The breach of these duties caused the serious and substantial brain injuries, internal injuries, broken bones as well as the extreme mental and physical pain and suffering of Plaintiff, ALBERT MARSHALL.

29.

Plaintiff, ALBERT MARSHALL, is entitled to the recovery of damages flowing from these breaches of duty, including but not limited to, past and future medical expenses, past and future mental and physical pain and suffering, and past and future lost wages.

30.

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

## COUNT II
## PREMISES LIABILITY AGAINST THE KESSLER

8

Copy from re:SearchGA

## ENTERPRISE, INC. HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC, PLANT RIVERSIDE, LLC, and KESSLER COLLECTION MANAGEMENT, LLC

### 31.

Plaintiff, ALBERT MARSHALL, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 30 of the Complaint.

### 32.

Defendant, KESSLER, THE KESSLER ENTERPRISE, INC., and/or HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT and/or PLANT RIVERSIDE, LLC, was the owner or possessor of the premises of the Plant River street project.

### 33.

At all times relevant hereto, Plaintiff, ALBERT MARSHALL, was an invitee of Defendant, HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, Defendant KESSLER, Defendant, THE KESSLER ENTERPRISE, INC., and Defendant, PLANT RIVERSIDE, LLC.

### 34.

The law of Georgia imposes upon these Defendants the duty to exercise ordinary care in keeping the premises and work area safe, to ensure that the premises were constructed without defect, to repair and maintain the premises in good repair, and to ensure that the premises of the PLANT RIVERSIDE, project were maintained in a reasonably safe condition and in accord with the building codes of the state of Georgia, the Code of Federal regulations and the standards of the American Welding Society.

### 35.

9

Copy from re:SearchGA

On information and belief, Defendants, KESSLER, THE KESSLER ENTERPRISE, INC., and HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and PLANT RIVERSIDE, LLC, personally selected the grapple which caused plaintiff's injury and defendants knew that the manner in which it was to be hung posed an unreasonable risk of harm and created unsafe conditions for plaintiff to work in.

36.

Defendants, KESSLER, THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and PLANT RIVERSIDE, LLC, had knowledge of this risk, and said knowledge of this risk was superior to that of the Plaintiff, ALBERT MARSHALL.

37.

Defendants, KESSLER, THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, and PLANT RIVERSIDE, LLC, breached these duties, creating and environment which unreasonably increased the propensity for a welding and rigging failure.

38.

The breach of this duty caused the extreme mental and physical pain and suffering to Plaintiff, ALBERT MARSHALL.

39.

Plaintiff, ALBERT MARSHALL, is entitled to the recovery of damages flowing from this breach of duty.

40.

Copy from re:SearchGA

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

## VII. DAMAGES

### 41.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

### 42.

As the direct and proximate result of the Defendants' negligence, Plaintiff suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injuries, pain and mental suffering.

### 43.

As the direct and proximate result of the Defendants' negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, including current medical bills totaling more than $454,044.24 for treatment of the injuries caused solely and proximately by Defendants.

| | | |
|---|---|---|
| 1. | Memorial Hospital (Emergency Department) | $285,264.54 |
| 2. | Emas Spine & Brain Center | $17,203.70 |
| 3. | Chatham Orthopedic<br>Dr. Noonburg<br>Dr. Levit<br>Dr. Sofianos | $151,094.00 |
| 4. | Dr. Donahue (Savannah Neurology Specialists) | $482.00 |

### 44.

11

Copy from re:SearchGA

As the direct and proximate result of the Defendants' negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by defendants.

### 45.

As the direct and proximate result of the Defendants' negligence, Plaintiff incurred lost wages, in an amount to be proven at trial, caused solely and proximately by Defendants.

### 46.

As the direct and proximate result of the Defendants' negligence, Plaintiff has suffered a diminished earnings capacity, in the amount to be proven at trial, caused solely and proximately by Defendants.

### 47.

As the direct and proximate result of the Defendants' negligence, Plaintiff has suffered pain and suffering and will continue to suffer pain and suffering, for the injuries caused solely and proximately by Defendants.

### 48.

As the direct and proximate result of the Defendants' negligence, Plaintiff suffered a physical impairment in the past and future, in the amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendants.

### 49.

Pursuant to O.C.G.A. 51-12-5.1, Plaintiff is entitled to Punitive damages in an amount to be determined by the enlightened conscience of the jury because the Defendants acts and

Copy from re:SearchGA

omissions were wanton, willful and gross. As such the Defendants should be punished due to the enormity of Plaintiff's losses which flow directly from the Defendants' conduct and said punitive damages should take into account the size and liquidity of Defendants in order to discourage Defendants from engaging in such willful, wanton and gross conduct in the future.

50.

As the direct and proximate result of the Defendants' negligence, Plaintiff is entitled to attorney fees under O.C.G.A. § 13-6-11.

51.

To the extent, Plaintiff suffered a pre-existing condition Defendants proximately caused an aggravation to such condition.

## CLAIMS FOR RELIEF

**WHEREFORE**, Plaintiff, ALBERT MARSHALL, prays for the following relief:

(A) That summons and process issue and be served upon each Defendant;

(B) For a trial by a jury comprised of twelve persons;

(C) That the Plaintiff, ALBERT MARSHALL, be awarded an appropriate sum to compensate him for his damages, including but not limited to past and future medical bills, past and future lost wages, mental and physical pain and suffering, permanent impairment, scarring and disfigurement, and aggravation of previously existing conditions, and any other damages proximately caused by Defendants; and

(D) For such other and further relief as the Court deems just and proper.

This the 21st day of May, 2021.

13

Copy from re:SearchGA

Respectfully Submitted,

_____
WILLIE J. WALKER, ESQUIRE
Attorney for Plaintiff
625 West Union Street, Suite #3
Jacksonville, FL 32202
(904) 358-7104 Telephone
(904) 353-3702 Facsimile
Georgia Bar Number 732900

_____
SHAQUANDRA A. WOODS, ESQUIRE
Co-Counsel for Plaintiff
5501 Wesconnett Street, Unit# 7115
Jacksonville, FL 32244
(904) 451-7321 Telephone
(904) 325-7150 Facsimile
Georgia Bar Number 579239

14

Copy from re:SearchGA