# EXHIBIT 13

# Steel's Answer and Affirmative Defenses to Plaintiff's Complaint

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

ALBERT MARSHALL,

    Plaintiff,

VS.

HUNT CONSTRUCTION GROUP, INC.
aka AECOM HUNT, STEEL, LLC,
PLANT RIVERSIDE, LLC, KESSLER
COLLECTION MANAGEMENT, LLC,
THE KESSLER ENTERPRISE, INC.,
JOHN AND JANE DOES 1-30; and
BUSINESS/CORPORATE ENTITIES A-Z

    Defendants.

CIVIL ACTION NO.: STCV21-00567

## ANSWER AND AFFIRMATIVE DEFENSES VIA SPECIAL APPEARANCE OF STEEL, LLC

COMES NOW Defendant Steel, LLC ("Steel"), by and through its undersigned attorneys, appearing specially without waiving its objections as set forth in its Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction, and files its Answer and Affirmative Defenses to the Amended Complaint ("Complaint") filed by Albert Marshall ("Plaintiff") as follows:[1]

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Steel upon which relief can be granted.

---

[1] In Plaintiff's Stipulation Extending the Time for Currently-Named Defendants to File Response to Plaintiff's Original Complaint and to Respond to Discovery Served with Original Complaint filed on April 30, 2021, the parties stipulated that the Amended Complaint will be treated as the operative pleading in this case.

## SECOND DEFENSE

Plaintiff's claims against Steel are barred by the borrowed servant doctrine and/or the temporary labor provider, statutory employer, special employer and/or exclusive remedy provisions of the workers' compensation statute.

## THIRD DEFENSE

Plaintiff's claims against Steel are barred in whole or in part by the exclusive remedy provisions of the applicable workers' compensation laws, including but not limited to O.C.G.A § 34-9-11 *et seq.*

## FOURTH DEFENSE

Plaintiff's Complaint should be dismissed as this Court lacks subject matter jurisdiction over Steel pursuant to O.C.G.A. § 9-11-12(b)(1).

## FIFTH DEFENSE

At all times relevant hereto, Plaintiff was not in the exercise of ordinary care for his own safety, and by reason thereof Plaintiff is not entitled to recover damages from Steel in any sum.

## SIXTH DEFENSE

While specifically denying any negligence on its part, if Steel was negligent, the negligence of Plaintiff equaled or exceeded any negligence of Steel.

## SEVENTH DEFENSE

While specifically denying any negligence on its part, if Steel was negligent, any recovery by Plaintiff should be reduced proportionally in accordance with Plaintiff's negligence.

**EIGHTH DEFENSE**

Plaintiff, through the exercise of ordinary care, could have avoided his injuries and Plaintiff's alleged damages.

**NINTH DEFENSE**

In the event that it is determined that Plaintiff is entitled to recover against Steel, which is denied, Plaintiff's recovery should be reduced in proportion to the degree of percentage of negligence or fault attributable to Plaintiff, any other party, or any designated non-party pursuant to O.C.G.A § 51-12-33.

**TENTH DEFENSE**

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

**ELEVENTH DEFENSE**

Plaintiff has failed to allege special damages with particularity.

**TWELFTH DEFENSE**

Plaintiff's alleged injuries and damages were not caused by any act or failure to act on the part of Steel.

**THIRTEENTH DEFENSE**

Plaintiff's alleged injuries and damages were proximately caused in whole or in part by the acts or omissions of persons or entities other than Steel, by the acts or omissions of persons or entities over whom Steel had no control, and/or by the superseding intervention of causes outside Steel's control.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## FIFTEENTH DEFENSE

Steel had no actual or constructive knowledge of any alleged hazardous condition and/or risk to the extent that any hazardous condition and/or risk existed.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was an independent contractor and was responsible for determining for himself whether his workplace was safe or unsafe under Georgia law.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the allegedly unsafe condition from which Plaintiff's alleged injuries and damages arose from and/or were incidental to the work undertaken by him.

## EIGHTEENTH DEFENSE

The alleged condition and/or risk about which Plaintiff complains was open and obvious to the Plaintiff.

## NINETEENTH DEFENSE

Plaintiff had equal or superior knowledge of any alleged hazardous condition and/or risk to the extent any hazardous condition and/or risk existed.

## TWENTIETH DEFENSE

Plaintiff's claims are may be barred by the doctrine of estoppel.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint fails to join an indispensable party, is whose absence complete relief cannot be afforded among those who are already parties, and therefore should be dismissed.

### TWENTY-SECOND DEFENSE

Steel breached no duty owed to Plaintiff.

### TWENTY-THIRD DEFENSE

Plaintiff's claims against Steel are barred by the doctrines of contributory negligence/comparative fault as they exist in the State of Georgia.

### TWENTY-FOURTH DEFENSE

Venue is improper in this Court.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is not supported by the facts and law applicable to this case.

### TWENTY-SIXTH DEFENSE

Plaintiff has failed to state specific allegations sufficient to support a claim for punitive damages, or to justify an award of punitive damages.

### TWENTY-SEVENTH DEFENSE

While Steel denies that it is liable to Plaintiff in any sum whatsoever and denies that it is liable for punitive damages, any award of punitive damages is limited by the cap provided in O.C.G.A. 51-12-5.1(g).

### TWENTY-EIGHTH DEFENSE

There is no clear and convincing evidence that Steel was guilty of willful, conscious and wanton indifference or that Steel acted with knowing and/or reckless disregard for the rights, safety and welfare of Plaintiff or the public, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## TWENTY-NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Steel's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## THIRTIETH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Steel's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Steel's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## THIRTY-FIRST DEFENSE

Steel specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of, *e.g., BMW of No. America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell,* 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker,* No. 07-219-2008 U.S. LEXIS 5263 (U.S. June 25, 2003) and their progeny as well as other similar cases under both federal and state law.

## THIRTY-SECOND DEFENSE

Plaintiff cannot recover attorneys' fees or expenses of litigation from Steel because Steel has not acted in bad faith, has not been stubbornly litigious, has not caused Plaintiff unnecessary trouble and expenses, and a bona fide dispute exists between Steel and Plaintiff.

## THIRTY-THIRD DEFENSE

Steel reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

Without limiting or waiving any defenses previously raised or raised herein, Steel answers the individually numbered Paragraphs of Plaintiff's Complaint as follows:

1.

Steel is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

2.

Steel admits that it is a Georgia business entity that may be served with process by serving Corporate Creation Networks, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066. Steel denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.

Steel is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

4.

Steel is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

5.

Steel is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

6.

Denied as stated.

7.

Denied.

## FACTUAL ALLEGATIONS

8.

Steel re-asserts and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 7 of Plaintiff's Complaint as if fully stated herein.

9.

Steel admits that on or about June 23, 2019, Plaintiff was working on the premises owned by Plant Riverside, LLC, located at 440 W. River Street, Savannah, Chatham County, Georgia. Steel denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Admitted.

11.

Steel admits that Plaintiff was acting within the scope of his employment with S&R Enterprises on June 23, 2019, and that the services and tasks he provided were performed at the "Plant Riverside hotel project" owned by Plant Riverside, LLC. Steel denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Steel admits that Plant Riverside, LLC was the owner of the project. Steel denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Steel admits that Plant Riverside, LLC retained Hunt Construction Group, Inc. to serve as the general contractor for the project. Steel further admits that Hunt managed and directed the construction of the project including the hiring of subcontractors who performed various elements of the work on the project, and that Hunt, its subcontractors, or it subcontractors' subcontractors were in control of the premises during construction of the project. Steel denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint as stated.

14.

Steel admits that Hunt Construction Group, Inc. hired it to provide certain materials and perform certain steel-related work at the project. Steel denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint as stated.

15.

Steel admits that S&R Enterprises performed work at the project, including hanging a decorative grapple within the structure located at 400 W. River Street. Steel denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Denied.

17.

Paragraph 17 of Plaintiff's Complaint advances legal conclusions rather than factual allegations and, therefore, no response is required. Should a response be required, the allegations

contained in Paragraph 17 of Plaintiff's Complaint are denied. By way of responding further, Steel denies that it breached any duty applicable to it under Georgia law.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

### COUNT I
### NEGLIGENCE AGAINST HUNT CONSTRUCTION GROUP, INC., aka AECOM HUNT, STEEL, LLC, PLANT RIVERSIDE, LLC, KESSLER COLLECTION MANAGEMENT, LLC, and THE KESSLER ENTERPRISE, INC.

22.

Steel re-asserts and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 21 of Plaintiff's Complaint as if fully stated herein.

23.

Paragraph 23 of Plaintiff's Complaint advances legal conclusions rather than factual allegations and, therefore, no response is required. Should a response be required, the allegations contained in Paragraph 23 of Plaintiff's Complaint are denied. By way of responding further, Steel denies that it breached any duty applicable to it under Georgia law.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

## COUNT II
## PREMISES LIABILITY AGAINST THE KESSLER ENTERPRISE, INC., HUNT CONSTRUCTION GROUP, INC. aka AECOM HUNT, STEEL, LLC, PLANT RIVERSIDE, LLC, and KESSLER COLLECTION MANAGEMENT, LLC

31.

Steel re-asserts and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 30 of Plaintiff's Complaint as if fully stated herein.

32.

Steel admits that Plant Riverside, LLC was the owner of the Plant Riverside hotel project. Steel denies the remainder of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Denied.

11

34.

Paragraph 34 of Plaintiff's Complaint advances legal conclusions rather than factual allegations and, therefore, no response is required. Should a response be required, the allegations contained in Paragraph 34 of Plaintiff's Complaint are denied. By way of responding further, Steel denies that Paragraph 34 provides an accurate statement of the law of Georgia, and denies that it breached any duty applicable to it under Georgia law.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

## VII. DAMAGES

41.

Steel re-asserts and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 40 of Plaintiff's Complaint as if fully stated herein.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

## CLAIMS FOR RELIEF

52.

In response to the allegations contained in the unnumbered paragraph beginning with the word "WHEREFORE," Steel denies any and all such allegations, including all subparts, and further denies that Plaintiff is entitled to any of the relief prayed for therein. Further, to the extent any statement or allegation in Plaintiff's Complaint is neither expressly responded to nor denied above, it is hereby expressly denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Steel respectfully prays for the following relief:

a) That Plaintiff take nothing by reason of the Complaint;

b) That Steel's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction be granted and/or that this action be otherwise dismissed with prejudice;

c) That Steel recover its costs and attorneys' fees incurred in the defense of this action;

d) That Steel have a trial by jury of twelve on all issues so triable; and

e) Such further and other relief as this Court deems just and proper.

This 25th day of June, 2021.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Matthew A. Marrone*
Joshua S. Wood

14

                              Georgia Bar No.: 881696
                              Matthew A. Marrone
                              Georgia Bar No.: 153065
                              jwood@wwhgd.com
                              mmarrone@wwhgd.com
                              *Attorneys for Steel, LLC*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Telephone: (404)-876-2700
Facsimile:  (404)-875-9433

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES VIA SPECIAL APPEARANCE OF STEEL, LLC via the Court's electronic filing system which will automatically serve a copy upon the following counsel of record:

WILLIE J. WALKER, ESQUIRE
Attorney for Plaintiff
625 West Union Street, Suite #3
Jacksonville, FL 32202

SHAQUANDRA A WOODS, ESQ
Co-Counsel for Plaintiff
5501 Wesconnett Street, Unit# 7115
Jacksonville, FL 32244

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ Matthew A. Marrone*
Georgia Bar No.: 153065
*Attorneys for Steel, LLC*