# EXHIBIT 25

# State Court's Order on Hunt and Steel's Motion to Dismiss

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALBERT MARSHALL, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. STCV2100567SA |
| | ) |
| HUNT CONSTRUCTION GROUP, | ) |
| INC. a/k/a AECOM HUNT; STEEL, | ) |
| LLC; PLAINT RIVERSIDE, LLC; | ) |
| KESSLER COLLECTION | ) |
| MANAGEMENT, LLC; THE | ) |
| KESSLER ENTERPRISE, INC.; | ) |
| JOHN AND JANE DOES 1-30; and | ) |
| BUSINESS/CORPORATE ENTITIES | ) |
| A-Z; | ) |
|     Defendants. | ) |

## **ORDER ON HUNT AND STEEL'S MOTION TO DISMISS**

This Court, having read and considered Defendants Hunt Construction Group a/k/a AECOM Hunt and Steel, LLC's motion to dismiss as well as all related briefing, **HEREBY GRANTS** the Defendants' motion.

Very summarily stated, Plaintiff Albert Marshall was grievously injured while he was performing construction work on a hotel in Savannah, Georgia. As a result of his injuries, Mr. Marshall received workers' compensation payments through the coverage provided by his employer. Mr. Marshall also filed the instant lawsuit seeking additional recovery from the above-named parties for his injuries. Mr. Marshall asserted negligence claims against Defendants Hunt and Steel based on their work on the hotel project. However, Hunt and Steel contend that Mr. Marshall is barred from asserting these claims against him because they are his statutory employers -- they argue that all claims must be dismissed because Mr. Marshall's recovery is limited to

the exclusive remedy provided by Georgia's workers' compensation statutory scheme.

As a threshold matter, it appears the authorities addressing a motion to dismiss on this (or another related basis) have considered the matter either as a motion to dismiss under O.C.G.A. § 9-11-12(b)(1) because it is a threshold issue of subject matter jurisdiction or akin to subject matter jurisdiction, Savannah Hospitality Services, LLC v. Scriven, 350 Ga. App. 195, n.4 (2019); or as a motion to dismiss for failure to state a claim pursuant to O.C.G.A. § 9-11-12(b)(6), Hitachi Chem. Electro-Products v. Gurley, 219 Ga. App. 675 (1995), Dugger v. Miller Brewing Co., 199 Ga. App. 850 (1991); or under the standard for summary judgment, Patterson v. Bristol Timber Co., 286 Ga. App. 423 (2007). Based on the arguments presented, the Court will address the matter under O.C.G.A. § 9-11-12(b)(1). Thus, in this analysis the Court is authorized to look beyond the pleadings and to the record as a whole and make findings of fact based on the evidence. See also DOT v. Thompson, 354 Ga. App. 200 (2020) ("[w]hen ruling on a motion to dismiss based upon jurisdictional grounds, the trial court must make the determination acting as the trier of fact [based on] where the preponderance of the evidence lies, not necessarily on whether the issue may be decided as a matter of law"); DOT v. Thompson, 354 Ga. App. 200, 206, 840 S.E.2d 679, 684 (2020); City of Hapeville v. Sylvan Airport Parking, LLC, 359 Ga. App. 448 (2021).

In this case, no hearing was requested and the parties were given ample opportunity to file into the record. Furthermore, the evidence itself is largely

undisputed and the Court need not make any findings of fact.[1] Instead, the Court simply applies the law to the evidence. Based on the record, the Court is persuaded by the evidence and the analysis set forth in the Defendants' briefing that Hunt and Steel were the statutory employers of the Plaintiff during time in question. Accordingly, the Court agrees that the Plaintiff's exclusive remedy to recover against Hunt and Steel is through the Board of Workers' Compensation.

The applicable law addressing the exclusive remedy and the statutory employer provision is set forth in O.C.G.A. §§ 34-9-1, 34-9-8, 34-9-11.1.

> Under O.C.G.A. § 34-9-8...the statutory employer provision, a claim for workers' compensation must be made in the first instance against the injured employee's immediate employer if that employer is subject to the Act. However, a principal or intermediate contractor (statutory employer) is liable for workers' compensation benefits to an employee injured while in the employ of its subcontractor engaged in the subject matter of the contract where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under the principal contractor's control or management. Collection of full compensation from one such employer bars recovery by the employee against any other employer.

Long v. Marvin M. Black Co., 250 Ga. 621, 621 (1983); see Landrum v. Cobb County Concrete Prods., 191 Ga. App. 805 (1989) (en banc).

Here the record includes the agreements between Defendant Plant Riverside, LLC and Defendant Hunt for Hunt to serve as the general contractor on this project, including the work on the Plant Riverside hotel. The agreement requires Hunt to obtain workers' compensation/employers' liability coverage. The record also includes

---

[1] The Court summarily rejects any argument by Mr. Marshall that the agreements filed into the record are not properly authenticated or otherwise inadmissible.

the agreement between Defendant Hunt and Defendant Steel for Steel to serve as a subcontractor on this project, including the work on the hotel. Steel was also required to obtain workers' compensation/employers' liability coverage. Finally, the record includes the agreement between Defendant Steel and S&R Enterprises for S&R to serve as Steel's subcontractor on this project, including the hotel. Pursuant to this agreement, S&R was also required to obtain workers' compensation/employers' liability coverage.[2]

The pleadings and undisputed evidence further establish that Mr. Marshall was injured while acting in the course and scope of his employment with non-party S&R on the Plant Riverside hotel construction project pursuant to the aforementioned contracts. The evidence further establishes that Hunt, the general contractor that subcontracted with Steel to do this work, and Steel, the subcontractor that subcontracted with S&R to do this work, are the principal and intermediary contractors for purposes of O.C.G.A. § 34-9-8. Finally, the evidence establishes that Mr. Marshall was compensated by S&R under the workers' compensation act.

Although S&R workers' compensation policy provided and paid coverage to Mr. Marshall, this does not change the result. Similarly, the evidence that the management agreement between Defendants Plant Riverside, LLC, Plant Riverside Tenant, LLC and Kessler Collection Management, LLC for the management of the property (not the

---

[2] While Mr. Marshall has argued that Hunt hired both Steel and S&R, there is no evidence of any contractual agreement between Hunt and S&R. While this assertion might not be inaccurate given that Hunt authorized Steel to hire subcontractors such as S&R, this statement is imprecise.

construction project) required workers' compensation coverage be provided for those project employees has no bearing here. There are no other exceptions that would allow Mr. Marshall to pursue his claims against these Defendants as third-party tortfeasors. <u>Reynolds v. McKenzie-Perry Homes, Inc.</u>, 261 Ga. App. 379, 380-81 (2003).

Under these facts, O.C.G.A. § 34-9-8 applies and establishes that Defendants Hunt and Steel are the statutory employers for Mr. Marshall. Hunt and Steel are immune from suit in this instance for any alleged negligence on their part with respect to the construction work on the hotel project that resulted in Mr. Marshall's injuries. Mr. Marshall's claims for relief against them are limited to those permitted under the exclusive remedy provided by workers' compensation.

In closing, the law requires that Mr. Marshall's claims as set forth in his amended complaint against Hunt and Steel must be dismissed. This Court is required to follow this applicable law and can not be swayed by sympathy, bias or prejudice towards any parties in its decisions. The Court thus **GRANTS** the motion to dismiss all claims against Defendants Hunt Construction Group a/k/a AECOM Hunt and Steel, LLC's without prejudice as this Court is not authorized to consider the claims against them. The Clerk of Court is further **ORDERED** to update the docket accordingly and remove these parties. The case will proceed as to the remaining Defendants only.

**SO ORDERED**, this <u>22nd</u> day of October, 2021.

                                                   Chief Judge Gregory V. Sapp
                                                   State Court of Chatham County

cc: Willie J. Walker, Jr., Esq.
   Shaquandra A. Woods, Esq.
   Matthew A. Marrone, Esq.
   Joshua S. Woods, Esq.